ROBERT L. BLAND, Judge.
In the year 1933, claimant Fred W. Norris resided in the city of Charleston, West Virginia. His family and the late Clifford Meyers, at that time state historian and archivist of West Virginia, were close friends. It was the frequent custom of Mr. Meyers to visit claimant’s home where he discussed art, literature and so forth with claimant and his family. On the occasion of one of these visits Mr. Meyers observed in claimant’s collection of antiques and other valued possessions a double-barrel 41 caliber Derringer Early American Pistol which he admired exceedingly, and he solicited claimant to loan it to the department of archives for display in the state museum. A few days later claimant himself took the gun to the archivist’s office in the state capitol in the city of Charleston, together with an affidavit of ownership. It was delivered to the archivist with the distinct understanding that it was to be kept on public display or promptly returned to claimant, and that it would remain claimant’s property and be returned to him at any time upon demand therefor. Thereafter claimant became employed in the military service and was absent, in California and elsewhere, from his home in the city of Charleston for several years. In the year 1942 claimant, being in West Virginia, visited the state museum and observed that the card descriptive of his gun was publicly displayed but that the gun was missing! He inquired of the then archivist, Mrs. Bess Harrison, and was informed by her that his gun had been stolen in 1937, but that an investigation to determine its whereabouts was then in progress and that claimant would be advised when the investigation was concluded so that he might reclaim his property and remove it to his home. Nothing further was heard about the missing gun by claimant until March of the year 1952 when he again visited the state capitol and made further inquiry in respect to his property. It appears from the record of the claim that members of the state department of public safety had instituted and concluded a careful and thorough investigation *104 in relation to the missing gun but to no avail, and claimant was at that time informed by the state archivist that the investigation was closed. Claimant thereupon filed his claim in the court of claims, seeking an award of $150.00 to compensate him for the loss which he had sustained.
The investigation of the claim revealed the fact that the gun in question was not only an antique but a rare and unusual type of gun. Claimant made inquiry in the city of Pittsburgh as to the value placed upon guns of the same manufacture and age, and learned that $150.00 was considered to be a reasonable value. Claimant himself did not have the gun for sale. He placed a sentimental value upon his possession of it and gave it a high place and standing in his collection of firearms.
The department has interposed no defense to the claim and, as a matter of fact, is unable to explain or account for the loss of claimant’s valuable property.
Where a claimant upon being solicited by the state archivist withdraws from his private collection of firearms a valuable antique derringer and the same is placed in the state museum for exhibition and the gun is at a subsequent date stolen from the museum and all efforts by the department of archives and the department of public safety to recover same are unsuccessful then because of the public-spirited gesture and purpose surrounding the lending of the said gun an award will be made to claimant in an amount to equal the present market value thereof.
An award is therefore made in favor of claimant Fred W. Norris in the sum of one hundred and fifty dollars ($150.00).